**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-24-00070-CV**
_____

**IN RE COMMITMENT OF ERICK LAWSON**

_____

**On Appeal from the 435th District Court**
**Montgomery County, Texas**
**Trial Cause No. 20-07-08795-CV**

_____

**MEMORANDUM OPINION**

Pro se Appellant Erick Lawson appeals the trial court's order denying his bill of review. In Lawson's bill of review, he challenged the Final Agreed Judgment and Order of Commitment against him in Trial Cause Number 07-08-08159-CV rendered by the 9th Judicial District Court of Montgomery County, Texas, on October 17, 2007. The order denying his bill of review was rendered by the 435th District Court of Montgomery County, the trial court where all of Lawson's civil commitment filings have been filed and decided since his case was transferred to the 435th District Court in 2007 shortly after his commitment.

1

In his appellate brief, Lawson argues: (1) the 435th District Court is not the committing court and lacks jurisdiction over his civil commitment; (2) the trial court's exercise of jurisdiction by ruling on the Application deprived Lawson of his constitutional right to receive due course of law; (3) the trial court abused its discretion by amending Lawson's civil commitment order without proper subject matter jurisdiction; and (4) the 2007 Agreed Judgment and Order of Civil Commitment in Trial Cause Number 07-08-08159-CV is void because in 2016 Lawson was wrongly ordered into a tiered treatment program that indefinitely confined Lawson in a total confinement facility. For the reasons explained below we reject Lawson's arguments and affirm the trial court's order denying Lawson's bill of review.

Background Information

On October 17, 2007, Lawson was civilly committed as a sexually violent predator in an Agreed Final Judgment and Order of Civil Commitment signed in the 9th District Court of Montgomery County, Texas. On that date, the mandatory requirements for a civil commitment order found in Section 841.082(a) of the Health and Safety Code included "requiring the person to reside in a Texas residential facility under contract with the council or at another location or facility approved by the council;" and "requiring the person's participation in and compliance with a specific course of treatment[.]" *See* Act of May 19, 2005, 79th Leg., R.S., ch. 849,

2

§ 3, 2005 Tex. Gen. Laws 2890, 2891 (amended 2005, 2007, 2011, 2015, 2017) (codified at Tex. Health & Safety Code § 841.082). Consistent with the law then in effect, the order of civil commitment provided, in relevant part: "Erick Lawson shall reside in Harris County, Texas, in a Texas residential facility under contract with the Council on Sex Offender Treatment or at another location or facility approved by the Council[]" and "Erick Lawson shall participate in and comply with a specific course of treatment[.]"

In 2007, the Legislature created the 435th District Court of Montgomery County. Act of May 28, 2007, 80th Leg., R.S., Ch. 1342, § 5, 2007 Tex. Gen. Laws 4563, 4564 (amended 2015) (current version at Tex. Gov't Code Ann. § 24.579). Effective September 1, 2007, the 435th District Court was created as a court of general jurisdiction with preference to hear civil commitment proceedings under Chapter 841, Health and Safety Code. *Id*. Approximately two weeks after Lawson was civilly committed by an Order in the 9th District Court, the judge of the 9th District Court of Montgomery County, acting in his capacity as the Local Administrative Judge for Montgomery County, signed an Order of Transfer that stated:

> It is hereby ORDERED that all civil commitment of sexually violent predator cases under the Texas Health and Safety Code Chapter 841, filed in Montgomery County, Texas, be assigned to the 435th Judicial District Court of Montgomery County, Texas. This order shall include all previously filed cases, as well as new cases.

According to Lawson, since the date of transfer, the proceedings in Trial Cause Number 07-08-08159-CV have all been filed in and ruled upon by the 435th District Court. And Lawson filed his bill of review in the 435th District Court.

Discussion

We previously ruled on Lawson's same arguments in our Memorandum Opinion styled *Ex parte Lawson*, No. 09-24-00176-CV, 2024 Tex. App. LEXIS 5678 (Tex. App.—Beaumont Aug. 8, 2024, no pet. h.) (mem. op.). Pertinent to this appeal, in appellate cause number 09-24-00176-CV, we concluded that his commitment was properly transferred from the 9th District Court to the 435th District Court, and that the 435th District Court lawfully maintains jurisdiction in Trial Cause Number 07-08-08159-CV. *Id.* at *7 (citing *In re Richards*, No. 09-23-00408-CV, 2024 Tex. App. LEXIS 842, at *2 (Tex. App.—Beaumont Feb. 1, 2024, orig. proceeding) (mem. op.)). We also explained in our earlier opinion that the 435th Judicial District Court had continuing jurisdiction over Lawson's civil commitment, it had the authority to order Lawson placed into a tiered treatment program, and we rejected Lawson's constitutional challenges to his placement in the tiered treatment program. *Id.* at **7-8. For the same reasons explained in our earlier opinion in

4

appellate cause number 09-24-00176-CV, we also overrule all of Lawson's issues in this appeal.[1]

Having overruled Appellant's issues, we affirm the trial court's order.

AFFIRMED.

                                                    LEANNE JOHNSON
                                                    Justice

Submitted on August 2, 2024
Opinion Delivered August 29, 2024

Before Golemon, C.J., Johnson and Chambers, JJ.

---

[1] We have also addressed the same or similar arguments in other civil commitment cases, and we found the arguments are unmeritorious. *See Ex parte Richards*, No. 09-24-00077-CV, 2024 Tex. App. LEXIS 4499 (Tex. App.—Beaumont June 27, 2024, no pet. h.) (mem. op.); *Ex parte Poest*, No. 09-24-00072-CV, 2024 Tex. App. LEXIS 4500 (Tex. App.—Beaumont June 27, 2024, no pet. h.) (mem. op.); *Ex parte Williams*, No. 09-24-00068-CV, 2024 Tex. App. LEXIS 4509 (Tex. App.—Beaumont June 27, 2024, no pet. h.) (mem. op.).